## EDWARDS et al. v. CLARK et al.

No. 5978. Decided December 28, 1938. (85 P. 2d 768.)

For former opinion, see 96 Utah 121, 83 P. 2d 1021.

*Christenson, Straw & Christenson,* of Provo, for appellants.

*Ingebretsen, Ray, Rawlins & Christensen,* of Salt Lake City, for respondents.

MOFFAT, Justice.

We have carefully examined the petition for rehearing and do not find any matters therein which were not considered on the original hearing. Rehearing denied.

FOLLAND, C. J., and LARSON, J., concur.

WOLFE, Justice (dissenting).

I am in favor of a rehearing. The record as it now stands shows evidence of negligence on the part of the defendants. The decision was concurred in by at least two members of the court not because negligence was not shown but on the ground that there was no proof that the negligence had caused the death.

A question which was not considered, and which I now think should have been, may be stated as follows: Where there is evidence of negligence by omission, but evidence that had the skill required of the ordinary skillful doctor in that community been used the infection still might have arisen or its course not have been arrested and the death thereby prevented, and also evidence that such applied skill might have prevented infection or arrested the course of infection and prevented the death, is the doctor who is guilty of such negligence of omission in a position to assert that there is no proof that his omission was the cause of the death? Should we not say, as a rule of pragmatic justice, that when a doctor omits to take such steps as could be required of the ordinary skilled physician in that locality—which steps might or might not have prevented the untoward result—he cannot escape liability because it cannot be said definitely that but for his omission the result would not have occurred? And should not the rule be, where it cannot be definitely said that but for his omission the death would not have taken place, that the negligent doctor, rather

than the plaintiff, must bear the consequences of the chance that the omission might or might not have affected the course of the disease?

In this case there was evidence that one of the defendants was negligent in failing to discover that a large piece of the placenta was not discharged following birth of the child. There was evidence also that there are many methods of stimulating a natural internal flush calculated to dispel such fragments but that none of these was prescribed or applied—probably due to his not knowing that a piece of the placenta remained; and evidence also that such piece of placenta (which was later removed, by another doctor, in a highly putrified state), could have been the cause of the infection, from the toxic effect of which the patient developed the puerperal fever for which the defendants prescribed only quinine and aspirin although many other medicines and treatments might well have been employed in addition. This infection or septic toxemia, which in likelihood did come therefrom according to the death certificate, caused the death.

If there was a failure properly to diagnose the fever, it naturally may have led to a failure properly to prescribe for it. And the failure properly to diagnose and therefore properly to prescribe was most likely bottomed on the failure to note the missing part of the placenta. Had the missing part of the placenta been noted, as might be expected from one held to the standard of skill required by the ordinary skillful practitioner in that locality, it could further be expected that such physician would have prescribed methods designed to assist nature to flush it out and further that he would have at least suspected that the infection was caused by such particle of the placenta not being dispelled and prescribed treatment accordingly. The fact that if he had discovered the missing portion of the placenta, and if he had done all that a reasonably skillful physician would do to cause it to be dispelled, the infection might still have arisen and then if he had done all that a reasonably skillful

physician should do to arrest the course of infection it still might have caused death, may not avail him. Being negligent and there being a speculation as to whether the results might have happened regardless of the negligence, it may be that he may not be permitted to rely upon that speculation to shield himself. It is a question which I think we should fairly face and decide. I therefore vote for a rehearing in order that this question of law may be presented to us.